IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOR GENSINGER,

    Plaintiff,

vs.                                    Case No. 4:12cv243-MCR/CAS

THREE UNKNOWN FRANKLIN
CORRECTIONAL INSTITUTION
CORRECTIONAL OFFICERS, et al.,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

On May 10, 2013, a report and recommendation was entered, doc. 35, to dismiss this case for Plaintiff's failure to prosecute and recommending that Defendant Chowdhury's second motion for sanctions be granted. On May 24, 2013, Plaintiff filed a motion for reconsideration, doc. 37, of that report and recommendation. Plaintiff's motion was granted to the extent the original report and recommendation, doc. 35, was vacated so the parties would have sufficient opportunity to present argument. Plaintiff was directed to respond to Defendant's motion to dismiss, doc. 33, which is now pending again, doc. 40, and Defendant Chowdhury was directed to respond to Plaintiff's motion for reconsideration, doc. 37.

As background, Defendant Chowdhury filed an "unopposed motion for sanctions pursuant to Rule 27" on March 15, 2013. Doc. 30. The motion advised that Plaintiff, a former inmate who is proceeding pro se in this case, and who had been granted in forma pauperis, had been properly noticed for his deposition on March 12, 2013, at 1:00 p.m., in Tallahassee. *Id.* at 3; *see also* Ex. E (doc. 30-5). Plaintiff telephoned opposing counsel approximately a half hour before the deposition was to start to advise that he could not attend. *Id.* Plaintiff was advised that because he did not give timely notice, and because the court reporter had already arrived for the scheduled deposition, the Attorney General's Office would be charged for the court reporter's appearance. *Id.* at 4. Defendant advised Plaintiff that sanctions would be sought for the "payment of the costs of the deposition." *Id.* Defendant represented in the motion that Plaintiff "understood that he was at fault, and did *not oppose* the filing of the" motion for sanctions. *Id.* As Plaintiff did not file a response in opposition to the motion, it was granted on April 19, 2013. Doc. 32. Thus, notwithstanding the fact that Plaintiff has in forma pauperis status,[1] the motion was granted pursuant to FED. R. CIV. P. 37(d). Doc. 32. Plaintiff was required to submit $44.10 to opposing counsel on or before May 17, 2013.[2] *Id.* Defendant's request to dismiss the case due to Plaintiff's failure to attend the deposition was denied. *Id.*

---

[1] A litigant's in forma pauperis status does not preclude a court from assessing fees for failure to cooperate in discovery. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), *cited in* Taylor v. Taylor, 133 F.App'x 707, 709, 2005 WL 1323342, at *1 (11th Cir. June 6, 2005). It does not appear that Plaintiff has yet made that payment.

[2] Notably, Plaintiff was advised that if he desired to dispute the motion or otherwise challenge that Order, Plaintiff could submit a motion for reconsideration no later than May 2, 2013. Doc. 32. Plaintiff did not reply.

On April 23, 2013, Defendant Chowdhury filed a second motion for sanctions and dismissal. Doc. 33. Because Plaintiff's motion for reconsideration, doc. 37, was granted, doc. 40, this motion to dismiss is pending again. Defendant advised in the motion that Plaintiff's deposition had been rescheduled for April 15, 2013, (the last day of discovery). *Id.* at 2. The deposition date was set after conferring by telephone with Plaintiff and a formal notice was "mailed to Plaintiff thirty-two (32) days before the deposition was scheduled to take place." *Id.* On April 15th, Plaintiff once "again failed to attend his scheduled deposition." *Id.* at 3. Plaintiff never contacted Defendant's counsel to advise prior to the deposition that he could not attend, nor had Plaintiff made contact after failing to attend the deposition. *Id.* After unsuccessfully attempting to contact Plaintiff by telephone, it was discovered via the internet that Plaintiff had been arrested on April 3, 2013, has been detained since then, and is awaiting trial on criminal charges. *Id.* at 3.

Thus, Defendant seeks dismissal of this case, arguing that lesser sanctions have already been employed and did not ensure Plaintiff's compliance. Doc. 33 at 4. Defendant points out that even after monetary sanctions were imposed, Plaintiff did not attend his second deposition and did not inform opposing counsel of his inability to do so, despite his awareness of the need to do so, and Plaintiff had not updated his address as instructed on numerous occasions. *Id.* Defendant also seeks, at a minimum, that Plaintiff "be ordered to pay the reasonable costs of the deposition." *Id.* at 5. Furthermore, should the request to dismiss this case be denied, Defendant requests that discovery be reopened and the continuation of this case be contingent

upon Plaintiff's payment "of all costs associated with the two previous depositions" and Plaintiff appearing for a third scheduled deposition. *Id.* at 5-6.

In response to that motion, Plaintiff advises that he is currently in the Pinellas County Jail and has difficulty receiving anything from the jail. Doc. 43 at 2. Plaintiff states that inmates are not allowed in the law library and he must send requests.[3] *Id.* Plaintiff points out that upon his release from prison in November 2012 and subsequently from jail in March 2013, he gave contact information to opposing counsel. Doc. 43 at 1-2. The problem, however, was that Plaintiff did not contact counsel when he was taken *to* jail, and this argument does not help Plaintiff. Plaintiff has been repeatedly advised throughout this litigation that he must keep the Court and opposing counsel informed *immediately* upon any change in his address.

Plaintiff also states that upon his arrest, "the police seized all of his money pending outcome of the trial leaving Plaintiff indigent." Doc. 43 at 2. Plaintiff contends it is hard to get envelopes for legal mail.[4] *Id.* Plaintiff objects to dismissal and states that "he tried to alert this Court to his current situation and change of address but due to non-compliance from the law-library he was un-able to obtain envelope." Doc. 43 at 3. Plaintiff reports that he attached a copy of his request to the motion for reconsideration

---

[3] It is unclear why access to the law library would be needed for Plaintiff to advise opposing counsel that he would not be able to attend his re-scheduled deposition, other than to obtain mail envelopes.

[4] Plaintiff states that because envelopes are hard to obtain, "if the Plaintiff only sends one response to the Court it should be acceptable as Plaintiff has no other option." Doc. 43 at 2. That is not acceptable; Plaintiff is responsible for mailing documents to opposing counsel.

to show his effort. *Id.* Plaintiff also objects to having to pay the costs of the second deposition because Plaintiff "doesn't feel it's his fault . . . ." Doc. 43 at 3.

Plaintiff admits in his motion for reconsideration, doc. 37, that after consulting with opposing counsel on March 12, 2013, he knew his deposition was scheduled for April 14, 2013. *Id.* at 1-2. Plaintiff was arrested on April 3, 2013, and contends that his money (which he indicates amount to $1,126.00) was seized and he was indigent. *Id.* at 2. Plaintiff requested two envelopes so he could mail a change of address notice to the Court. *Id.* Plaintiff said he did not receive a response. *Id.* Attached to that motion is a Pinellas County Sheriff's Office form in which Plaintiff advised that he had a deposition scheduled in Tallahassee on April 15th and requested "two legal mail envelopes." Doc. 37 at 4. Plaintiff's request was made on April 8, 2013, which would appear to be sufficient to provide timely notice *if* Plaintiff immediately received the envelopes. However, review of the request form reveals that it was signed by a deputy on April 9, 2013. Doc. 37 at 4. It may be that the deputy's signature indicates the date of receipt of Plaintiff's request, in which case, Plaintiff's request *could* still have time to reach opposing counsel *if* Plaintiff immediately mailed a notice. The trouble with Plaintiff's submission of that request is that it does not demonstrate that an official in the law library did not respond to his request. Plaintiff submitted the pink copy of the request form and the instructions on the form indicate the prisoner is to retain the pink copy and "forward white and canary copies." Thus, there would never be a response on the pink copy of the form because that is what the prisoner keeps.

Moreover, because Plaintiff knew the importance of attending the second deposition, it is not acceptable that Plaintiff did not undertake greater effort to advise

counsel of his detention and inability to attend the second deposition. If it is true that no response was provided within a day or so of Plaintiff's request for envelopes, Plaintiff should have submitted another request for envelopes on the following day. There is no indication Plaintiff pursued his request further, or grieved the fact that his request was not answered, if indeed it was not. Plaintiff could have also requested that his mother or some other family or friend contact opposing counsel so that time and money were not wasted yet again for a deposition that would not take place. Moreover, Plaintiff only needed one envelope to advise counsel of his inability to attend the deposition.

Sanctions may be imposed under Rule 37 when a party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d). Permissible sanctions include dismissing the action or proceeding. FED. R. CIV. P. 37(b)(2)(A)(v). Here, Plaintiff was aware of the scheduled deposition date but was unable to attend because of his detention. That detention is a valid reason to be unable to attend, but not acceptable for not alerting opposing counsel ahead of time. Yet dismissal is a severe sanction, usually reserved for wilful failures or bad fath. This case has not yet crossed that line. To be clear, Plaintiff should be sanctioned for his failure to contact opposing counsel in time to cancel the deposition, but dismissal does not appear appropriate in light of Plaintiff's expressed desire to continue this case.

Defendant has demonstrated that the costs of the second missed deposition were $66.10. Doc. 42 at 3. Those costs should be imposed, in additional to the prior $44.10, imposed for missing the first deposition. Plaintiff should be required to submit $110.20 to opposing counsel as a sanction.

In addition, Plaintiff's detention provides good cause to extend discovery and to reschedule the deposition. A new discovery deadline should be established and Plaintiff required to submit for deposition before that deadline. Plaintiff is cautioned that further failures to complete discovery, including not submitting for his third scheduled deposition, may result in the dismissal of this action. Plaintiff must take affirmative action to contact opposing counsel should he encounter further problems.

As an additional note, Plaintiff is not permitted to file a document with the Court and not send it to opposing counsel. Plaintiff must mail documents to both the Court and Defendant's counsel. Plaintiff has claimed indigence since his recent arrest. However, Plaintiff will be required to submit a copy of his account at the Pinellas County Detention Center. Plaintiff has suggested that over a thousand dollars was seized, but it is not clear why Plaintiff would not have access to his money at the Jail unless the funds are held as evidence relative to pending charges against Plaintiff. Thus, Plaintiff should be required to submit a copy of this inmate bank account beginning with his April 3, 2013, arrest. Plaintiff's submission must be received by **July 24, 2013.**

Plaintiff must also file a notice of change of address. Numerous court orders have been issued which remind Plaintiff of the critical importance in his keeping the Court informed as to his mailing address. Docs. 6, 8, 11, 13, 21, 29, and 32. The last such notice received from Plaintiff, doc. 16, was filed on November 1, 2012, after Plaintiff was released from the Department of Corrections. Plaintiff has been in jail over two months and he has *still* not filed a notice of change of address. It is not enough that Plaintiff's address has been determined by Defendant's counsel, Plaintiff <u>must</u> file a notice of his current address. Moreover, should Plaintiff's address change in *any* way,

Plaintiff must submit a timely notice. Failure to do so and the receipt of further mail returns will result in a recommendation of dismissal of this case.

Accordingly, it is

**ORDERED:**

1. The discovery period be re-opened and extended to **August 23, 2013**.

2. Motions for summary judgment must be filed not later than 21 days after the close of discovery, on **September 13, 2013**.

3. Plaintiff shall have until **July 24, 2013**, in which to submit copies of his inmate bank account reflecting the time from April 3, 2013, until the end of June.

4. Plaintiff shall have until **July 24, 2013,** in which to file a notice of his current address.

5. Plaintiff shall immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from detention.

6. The Clerk of Court shall return this file upon Plaintiff's compliance with this Order, or no later than July 24, 2013.

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 33, be **DENIED**, but the motion for sanctions, doc. 33, be **GRANTED** and Plaintiff be required to submit a total of $110.20 (representing the previously assessed $44.10 sanction, doc. 32, and a new sanction of $66.10 for

missing the second deposition and failing to contact opposing counsel prior to the deposition) to opposing counsel on or before **August 23, 2013**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 2, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**